**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

ADRIENNE BUNDY,

    Plaintiff,

    v.                                  Case No. 2:24-CV-136-GSL-AZ

TAMARA BOJOVIC,

    Defendant.

## OPINION AND ORDER

Before this Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis. [DE 2]. For the reasons set forth below, the Court denies Plaintiff's Motion to Proceed in Forma Pauperis [DE 2] and dismisses the Complaint [DE 1] without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an amended complaint, and either refile her motion to proceed in forma pauperis or pay the statutory filing fee subject to the Court's instructions below. If Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's Motion [DE 2] establishes that she is unable to prepay the filing fee. However, the Court must now examine whether her action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). For federal courts to have jurisdiction over claims, the claims must either (1) arise under the Constitution or implicate federal law, or (2) there must be diversity jurisdiction, i.e., no plaintiff or defendant is a citizen of the same state, and the claimed damages exceed $75,000. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021); 28 U.S.C. § 1332(a).

Here, Plaintiff alleges that on October 20, 2021, she was "falsely arrested by police after [Defendant] … lied to the police[.]"[1] [DE 1]. Defendant lied about her two dogs being off leash and relieving themselves in Plaintiff's yard. [*Id.*]. Finally, Plaintiff claims that Defendant falsely accused Plaintiff of being violent, and this factored into the police's decision to arrest Plaintiff. [*Id.*]. Plaintiff is suing Defendant for trespass and harassment, and seeking punitive damages, "pain and suffering" damages, and $10,000. [*Id.*]. These facts do not give rise to any Constitutional claims, nor do they implicate federal law. For this Court to have jurisdiction, then,

---

[1]Plaintiff used the Civil Complaint form provided by the United States District Court for the Northern District of Indiana. [DE 1]. Question Four asks the filer whether they have ever sued anyone for these *exact same claims*. [*Id.*] (emphasis added). Plaintiff selected "Yes" and attached an Order from Lake Superior Court, County Division 1 stating "Judgment for Defendant, Plaintiff takes nothing."

the Plaintiff must have alleged facts that establish diversity of citizenship and monetary damages

exceeding $75,000. Per the Complaint, Plaintiff and Defendant are residents of Munster, Indiana.

[*Id.*]. As a result, Plaintiff has not adequately alleged diversity of citizenship, and Plaintiff's

Motion to Amend the Complaint, which requests $80,000 in damages, instead of $10,000, does

not cure the fact that both parties are residents of Indiana. [DE 3].

## CONCLUSION

Because Plaintiff has failed to allege claims that this Court has jurisdiction over, the

Court denies Plaintiff's Motion to Proceed in Forma Pauperis [DE 2] and dismisses the

Complaint [DE 1] without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Consequently,

her Motion to Amend the Complaint [DE 3] is denied as moot. Plaintiff is granted leave to file an

amended complaint, and either refile her motion to proceed in forma pauperis or the pay

statutory filing fee. Plaintiff has until July 30, 2024, to file an amended complaint. If Plaintiff

fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close

this case without further notice to the Plaintiff.

**SO ORDERED.**

ENTERED: July 9, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

3